**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 11 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARL DEAN WYATT,

     Plaintiff - Appellant,

vs.

GARY E. GIBSON; JEFF ODOM,
Correctional Officer; K. SUDDUTH,
Correctional Officer; JOHN DOE,
Correctional Officer,

     Defendants - Appellees.

No. 04-7088
(D.C. No. CV-02-539-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

---

Carl Dean Wyatt, a state inmate appearing pro se, appeals from the district

court's dismissal of Defendant Michael Sudduth and grant of summary judgment

in favor of Defendant Jeff Odom. Defendant Gary Gibson was granted summary

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

judgment on the basis of no personal participation. R. Doc. 86. Other Defendants were dismissed. R. Doc. 53 (Defendant Koplidansky dismissed by Plaintiff's agreement); Doc. 97 (Defendant Clarkson dismissed for lack of service).

The parties are familiar with the fact and we need not restate them here. The district court properly concluded that the claim of negligence against Defendant Sudduth (for failing to detect weapons carried into the exercise yard by other inmates and used to maim Mr. Wyatt) was not actionable. Deliberate indifference, not negligence or even gross negligence, regarding a substantial risk of serious harm must be alleged in a failure to protect claim. See Farmer v. Brennan, 511 U.S. 825, 842-83 (1994) (failure to protect); Harper v. Alpert, 400 F.3d 1052, 1064 (7th Cir. 2005) (excessive force). We have reviewed the summary judgment record insofar as Defendant Jeff Odom, taking Mr. Wyatt's allegations in his verified pleadings as true, and conclude that the district court's disposition was correct. Although Mr. Wyatt has added additional theories on how weapons were smuggled into the yard (and the extent of the problem), we agree with the district court that these unsworn allegations do not furnish an evidentiary basis for resisting summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Thus, we affirm for substantially the reasons given by the district court in its orders. R. Docs. 98 & 99.

AFFIRMED.  Mr. Wyatt is reminded of his obligation to continue making partial payments until the entire balance of the appellate filing fee is paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge